```
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 9                                    AT TACOMA

10   KEVIN JOSEPH SMITH,
                                                    No. C10-5614RJB/JRC
11                          Plaintiff,
            v.                                      ORDER DENYING PENDING MOTIONS
12
13   ELDON VAIL,

14                          Defendant.
```

15      This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff has been

granted leave to proceed with this action in forma pauperis.  The court has just entered a Report

and Recommendation that this action should be dismissed.  Before the court are plaintiff's

motions for appointment of counsel, or in the alternative, for 21-day notice on motions (ECF No.

15): and a motion to strike material (ECF No. 20).

   There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.

Although the court can request counsel to represent a party, 28 U.S.C. § 1915(e) (1), the court

may do so only in exceptional circumstances.  <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th

Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616

F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both

ORDER - 1

the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.  Plaintiff has demonstrated an adequate ability to articulate his claims pro se and, given the pending Report and Recommendation, the court finds there is little chance of success on the merits.  Therefore, the motion to appoint counsel is DENIED.

Plaintiff also asks the court to give him 21 days notice on motions because of his health (ECF No. 15).  If plaintiff needs additional time to respond to a motion, he may file a motion for an extension of time.  A motion that alters the Rules for an entire case is not the proper mechanism for making a request for extension.  Therefore, the motion is DENIED.

Plaintiff also moves to strike materials submitted by defendant in reply to his response to the motion to dismiss (Motion to Strike ECF No. 20).  Plaintiff argues that the defense is incorrect in arguing that he had a state remedy available.  He argues that his tort claim was denied.  Plaintiff misperceives the nature of the tort claim process.  The denial of his tort claim by the Risk Management Office allowed plaintiff to file a tort claim in the State Superior Court suing the State of Washington Department of Corrections.  As pointed out in the Report and Recommendation, both processes are available to him, and both are prerequisites to filing this action.

Plaintiff also argues that the state re-opened his account and took money; this issue is not part of this action as it was not in the complaint.  The motion to strike material is DENIED.

The Clerk is directed to send copies of this Order to Plaintiff.

DATED this 1st day of December, 2010.

J. Richard Creatura
United States Magistrate Judge

ORDER  - 2