1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN JOSEPH SMITH,

              Plaintiff,

      v.

ELDON VAIL,

              Defendant.

Case No. C10-5614RJB/JRC

ORDER ADOPTING A REPORT AND RECOMMENDATION

      The Court, having reviewed the Report and Recommendation of Magistrate Judge J. Richard Creatura (Dkt. 23), objections to the Report and Recommendation (Dkt. 25), defendant's response to plaintiff's objections (Dkt. 26), and the remaining record, does hereby find and ORDER:

1. In his objections, plaintiff contends that the Report and Recommendation was in error because plaintiff had sufficient funds in his prison account to pay for sending out his personal property, but that the property was never sent. Dkt. 25. Plaintiff further claims that, because he had been released from Department of Corrections custody, he could not request that his prison trust account be reopened. Dkt. 25. Even if plaintiff is correct, the result does not change. Washington's tort claims provisions, provide a damages remedy to persons who have suffered from the tortious conduct of the State or its political subdivisions. *See* RCW 4.92 (claims against the State); RCW 72.02.045 (state and/or state officials liability for the negligent or intentional loss of inmate property). The tort claims provisions of RCW 4.92 are subject to statutes of limitations. *See* RCW 4.16. Even if plaintiff would now be barred by the statute of limitations from filing a state tort action, he had an adequate post deprivation remedy available to him at the time of the alleged wrongful action. Plaintiff has not stated a claim for violation of his due process rights.

ORDER - 1

2. In addition to the above grounds for dismissal of this case, the court notes that plaintiff has not alleged facts that the only named defendant, Eldon Vail, personally participated in the alleged unlawful action. Finally, even assuming that plaintiff could establish a due process claim, the claim would be barred by the statute of limitations. Limitation periods in cases brought under 42 U.S.C. §1983 are determined by reference to the applicable state's statute of limitations and the coordinate tolling rules. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981). RCW 4.16.080(2) provides a three year statute of limitations for injury to the person or rights of another, and that statute applies to a case brought under Section 1983. *See Rose v. Rinaldi*, 654 F.2d at 547.

3. The Court **ADOPTS** the Report and Recommendation (Dkt. 23). This action is **DISMISSED WITH PREJUDICE** for failure to state a claim. The dismissal counts as a strike pursuant to 29 U.S.C. 1915 (g). Plaintiff's *in forma pauperis* status is revoked for appeal pursuant to 28 U.S.C. 1915 (A)(3).

4. The Clerk is directed to send a copy of this Order to plaintiff, and to the Hon. J. Richard Creatura.

DATED this 4th day of January, 2011.

/s/ Robert J. Bryan

ROBERT J. BRYAN
United States District Judge

ORDER - 2